**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


GIANNA CASTRO,
                          Appellant,

          v.

DEPARTMENT OF JUSTICE,
                          Agency.

DOCKET NUMBER
AT-0752-17-0200-I-1

DATE: January 23, 2023


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angelo Filippi, Esquire, Fort Lauderdale, Florida, for the appellant.

Jeffrey N. Poulin, Springfield, Virginia, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify why the suitability regulations of the Office of Personnel Management (OPM) are not a source of jurisdiction over this appeal, we AFFIRM the initial decision.

¶2      Approximately 4 months into her excepted-service appointment, the appellant was terminated during her trial period for her alleged lack of candor in her application for employment with the agency.  Initial Appeal File (IAF), Tab 1 at 7-9, Tab 2 at 3.  On appeal to the Board, she argued, among other things, that her termination constituted a suitability action.  IAF, Tab 9 at 13-15.  The administrative judge found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction, and he dismissed her appeal without holding the requested hearing.  IAF, Tab 11, Initial Decision (ID).  He concluded that she had failed to nonfrivolously allege that she had accrued adverse action appeal rights under 5 U.S.C. chapter 75, ID at 2-4, or that she was denied procedures set forth in 5 C.F.R. § 315.805 concerning terminations for conditions arising preappointment,[2] ID at 4-5.  He further determined that she had failed to make a

_____

[2] The appellant has not challenged these findings on review, and we find no material error in the administrative judge's analysis.  Because the appellant was serving in the excepted service, the regulatory right of appeal on the limited grounds set forth in 5 C.F.R. § 315.806 may not have even been available to her.  *See* 5 C.F.R. § 210.101(b).  Regardless, we find no reason to disturb the administrative judge's

nonfrivolous allegation that she was in a position covered by OPM's suitability regulations at 5 C.F.R. part 731 or that she had been subjected to a suitability action as defined in those regulations. ID at 5-6.

¶3 On petition for review, the appellant argues that her position was covered by the suitability regulations and that her termination was a suitability action. Petition for Review (PFR) File, Tab 1 at 3-6. A position in the excepted service where the incumbent can be noncompetitively converted to the competitive service constitutes a covered position. 5 C.F.R. § 731.101(b). The Standard Form 50 (SF-50) documenting the appellant's appointment states that her appointment may be converted to a career appointment in not less than 3 years and not more than 4 years. IAF, Tab 10 at 22. Thus, as the agency seems to acknowledge on review, it appears the appellant was in a covered position. PFR File, Tab 3 at 11.

¶4 We nevertheless find that she failed to nonfrivolously allege that her termination was a suitability action under OPM's regulations.[3] As a preliminary matter, we find no documents or alleged facts in the record that would support the appellant's claim that this was a suitability action. For instance, the proposal and decision letters make no reference to the agency making a suitability determination, taking a suitability action, or otherwise finding that the appellant had made a material, intentional false statement, or deception or fraud in examination or appointment. IAF, Tab 1 at 7-10, Tab 2 at 3. The SF-50

---

alternative analysis that the process provided to the appellant satisfied the requirements of 5 C.F.R. § 315.805.

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

documenting her termination referenced 5 C.F.R. § 315.805, rather than part 731, as the legal authority for the action.[4]  IAF, Tab 2 at 4.

¶5    The appellant asserts that the agency's finding that she lacked candor in her application is akin to a finding that she had made a "material, intentional false statement, or deception or fraud in examination or appointment," which is a factor upon which a suitability action may be taken.  PFR File, Tab 1 at 5; *see* 5 C.F.R. § 731.202(b)(3).  However, the appellant has failed to allege facts that, if proven, would show that the agency's lack-of-candor finding was equivalent to a finding of a "material, intentional false statement, or deception or fraud in examination or appointment."  IAF, Tab 9 at 13-15; PFR File, Tab 1 at 3-6; *see, e.g.*, *Ludlum v. Department of Justice*, 278 F.3d 1280, 1283-85 (Fed. Cir. 2002) (explaining that lack of candor and falsification are different, though related, forms of misconduct).  Moreover, OPM has not delegated authority to employing agencies to take suitability actions in matters involving a "material, intentional false statement, or deception or fraud in examination or appointment," 5 C.F.R. § 731.103(g), and OPM's suitability regulations are not a source of jurisdiction when an employing agency exceeds its delegated authority, *see Edwards v. Department of State*, 98 M.S.P.R. 481, ¶ 7 (2005); 5 C.F.R. § 731.501(a).

---

[4] Guidance from OPM suggests citing the legal authority for a trial period termination for preappointment reasons as "Reg 315.805 Eq," indicating the action was taken pursuant to agency procedures equivalent to those required under the civil service laws and regulations, or under other procedures.  Guide to Processing Personnel Actions, Chapter 31, *available at* www.opm.gov/feddata/gppa/Gppa31.pdf.  The administrative judge's statement that the termination "was explicitly taken as an adverse action pursuant to [5 U.S.C. c]hapter 75," ID at 6, is not supported by any document or nonfrivolous allegation of fact in the record, but we find this statement immaterial to the outcome.  The appellant has failed to make a nonfrivolous allegation that the termination was a suitability action under 5 C.F.R. part 731, and she has not contested the administrative judge's separate, explained conclusion that she failed to make a nonfrivolous allegation that she possessed adverse action appeal rights under 5 U.S.C. chapter 75.  ID at 2-4; *see* 5 U.S.C. §§ 7511, 7512, 7513(d).

¶6      Accordingly, we find that the appellant has failed to nonfrivolously allege a basis for the Board's jurisdiction over this matter as a suitability action or on any other theory.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] The National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1086(f)(9), 129 Stat. 726, 1010 (2015), amended 5 U.S.C. § 7512 to state that 5 U.S.C. chapter 75, subchapter II, "does not apply to . . . a suitability action taken by [OPM] under regulations prescribed by [OPM], subject to the rules prescribed by the President under [title 5] for the administration of the competitive service." 5 U.S.C. § 7512(F). Given our finding that the appellant failed to make a nonfrivolous allegation that her termination was a suitability action under OPM's regulations, we do not consider the effect, if any, of section 7512(F) on this appeal, an issue that has not been addressed by either party.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.